In the Matter of the Claim of JEAN M. WHITE, Respondent, against H. J. HEINZ COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award on a death claim. The award is resisted on the sole ground that the Industrial Board did not have jurisdiction. The decedent was a resident of Brooklyn and was in the employ of the employer from 1917 until May 20, 1933, when he died. The employer's main office is at Pittsburg, and it has branch offices in Philadelphia, Brooklyn and many other places. When originally employed the decedent was a clerk in the New York office, which was subsequently moved to Brooklyn, and the claimant transferred there. Later he was transferred to Newark, where he remained until 1921 as a part of the auditing staff of the employer, under the immediate direction of the manager of the Eastern branch at Brooklyn. The territory covered by the decedent as an auditor included the States of Maine, Massachusetts, Connecticut, Pennsylvania, Delaware and Maryland, but he spent more time in his work in New York than elsewhere. The headquarters of all these branches were in Brooklyn and decedent was given the position he had so he could spend most of his time in New York. Occasionally he was required to go outside of his regular district to make audits; but his attachment to the Brooklyn office was permanent; and when not engaged in the work of auditor, he worked in the Brooklyn office. The

policy in this State covered decedent and premiums were paid by the employer on his salary. The business places of the employer to be audited were not announced in advance, and instructions therefor came from the Pittsburg office direct to the auditor, and the decedent received his salary by check from the Pittsburg office as the company did not wish to have the amount of salary received by an auditor known to others in their employ. The decedent was directed to make an audit at Norfolk, Va., because the company did not wish to have the regular auditor for that district do the work. After making the audit in Norfolk, the decedent was proceeding to Philadelphia to carry out his next assignment, when the automobile in which he was driving was wrecked, and the decedent killed near Camden in the State of Delaware. The Industrial Board has found that the employment outside of the State of New York was incidental to his regular employment in this State. The evidence justifies that finding. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.